**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| SELECT RETRIEVAL, LLC,                ) | |
| Plaintiff,           ) | |
| ) | **CIVIL ACTION** |
| v.                                                ) | **NO. 12-10389-TSH** |
| ) | |
| BULBS.COM INC.,                          ) | |
| Defendant,           ) | |
| _____) | |

**MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO
DISMISS (Docket No. 11)**
**December 4, 2012**

**HILLMAN, D.J.**

**Background**

Select Retrieval, LLC ("Select") has filed suit against Bulbs.com Inc. ("Bulbs.com")

pursuant to 35 U.S.C. § 271 *et seq.* alleging that Bulbs.com has infringed certain patents held by

Select by making, selling, and using of their website(s), including www.bulbs.com. *See*

*Complaint* (Docket No. 1)("*Complaint*"). Specifically, Select has filed a claim for direct patent

infringement under 35 U.S.C. § 271(a), a claim for contributory infringement under 35 U.S.C.

§271(c) and a claim for actively inducing other to infringe under 35 U.S.C. §271(b).  Select also

alleges that Bulbs.com acted willfully and, therefore, it is entitled to seek enhanced damages.

Bulbs.com has filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Select's

claims arising under §§ 271(a)-(c) for failure to state a claim.  In support of its motion,

Bulbs.com argues that Select's claims should be dismissed for failing to meet the pleading

requirements of *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp v.*

*Twombly*, 550 U.S. 544, 127  S.Ct. 955 (2007) and/or Form 18[1].  In the alternative, Bulbs.com requests that Select be required to provide a more definite statement of its claims.  *See* Fed.R.Civ.P. 12(e).

## <u>Standard of Review</u>

To survive a 12(b)(6) motion to dismiss, a complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The pleadings need not contain detailed factual allegation, but they do require some factual matter beyond mere labels and legal conclusions.  *Twombly*, 550 U.S. at 554, 127 S.Ct. 955.  The factual allegations must state a facially plausible claim from which a court may draw a reasonable inference that the defendant is liable for the misconduct that is alleged.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.  In determining the plausibility of the claims being made, a court is to accept all factual allegations contained in the complaint as true, and make all reasonable inferences that fit the plaintiff's theory of liability; the court may also consider any attachments which have been incorporated in the complaint.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1,  122 S.Ct. 992 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989); *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003); *see also Rodi v. S. New Engl. Sch. of Law*, 389 F.3d 5, 12 (1st Cir. 2004).

Consistent with *Iqbal* and *Twombly*, the First Circuit has approved the following sequential analysis for the "proper handling of a motion to dismiss" for failure to state a claim upon which relief can be granted under Rule 12(b)(6):

> Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements. Step two: take the complaint's well-pled (i.e., nonconclusory, non-speculative) facts as true,

---

[1]  "Form 18" is one of the forms appended to the Federal Rules of Civil Procedure which is intended to provide an example of how to plead specified claims in accordance with Fed.R.Civ.P. 8(a)— in the case of Form 18, a claim for patent infringement.  I will explain Form 18 in further detail below.

drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.

*Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir.2012)(internal citations omitted). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that compels [the court] 'to draw on' [its] 'judicial experience and common sense .' " *Id.* (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937).

## Facts

The allegations contained in the Complaint can be summarized as follows:

Select is the assignee and owner of the United States Patent No. 6,128,617 ("'617 Patent") entitled "DATA DISPLAY SOFTWARE WITH ACTIONS AND LINKS INTEGRATED WITH INFORMATION."  Without license or authorization, Bulbs.com has directly and indirectly infringed and continues to directly and indirectly infringe one or more claims of the '617 Patent  by making, using, owning, operating, and/or maintaining one or more websites, including but not limited to, www.bulbs.com, that embody the inventions claims in the '617 Patent. *Complaint*, at ¶9.

On October 17, 2011, Select filed suit in the United States Court for the District of Delaware against Bulbs.com alleging infringement of the '617 Patent; Bulbs.com was served with a copy of the first amended complaint in that action on December 15, 2011, and has had actual knowledge of its alleged infringement since that date[2].  From and after at least December 15, 2011, Bulbs.com has committed and continues to commit acts of contributory infringement of the '617 Patent under 35 U.S.C. § 271(c) in that Bulbs.com has made, used, sold, and/or offered to sell, or continues to make, use, sell, and/or offer to sell services and products,

---

[2] Select voluntarily dismissed the action against Bulbs.com in the District of Delaware on March 1, 2012; this suit was filed that same date.

including its website www.bulbs.com, which have no substantial non-infringing uses, and provides such services and products to its customers and users of its website(s), whose use of such services and products constitutes direct infringement of the '617 Patent. *Id.*, at ¶¶10-11.

From and after at least December 15, 2011, Bulbs.com has induced and continues to induce others to infringe the '617 Patent under 35 U.S.C. § 271(b) by, among others things, actively and knowingly aiding and abetting others to infringe, including but not limited to customers and users of its website(s), such as www.bulbs.com, whose use of such services and products constitutes direct infringement of the '617 Patent. *Id.*, at ¶12.

Bulb.com's infringement of the '617 Patent since at least December 15, 2011 has been and continues to be willful and deliberate. *Id.*, at ¶13. Because of Bulb.com's infringement, inducement of infringement, contributory infringement and willful infringement of the '617 Patent, Select has suffered and continues to suffer damages. *Id.*, at ¶14.

### Discussion

Bulbs.com asserts that Select's "threadbare allegations" fail to provide it sufficient notice to prepare a defense and therefore, do not satisfy the pleading standards required by *Iqbal* and *Twombly* and even fall short of satisfying Form 18's minimal requirements. Select, on the other hand, argues that its claim for direct infringement conforms to the requirements set forth in Form 18 and therefore, its allegations are sufficiently pled. As to its remaining claims, Select argues that it has satisfied the liberal pleading requirements of Fed.R.Civ.P. 8(a).

*Select's Direct Infringement Claim Against Bulbs.com*

Form 18 provides an example of how to assert a claim for patent infringement. Form 18 essentially provides that it is sufficient for the complaint to include the following:

(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent;
(3) a statement that defendant has been infringing the patent 'by making, selling,

and using [the device] embodying the patent'; (4) a statement that the plaintiff has
given the defendant notice of the infringement; and (5) a demand for an injunction
and damages.

*McZeal v. Sprint Nextel Corp.*, 501 F.3d. 1354, 1357 (Fed.Cir. 2007)(summarizing the

requirements of Form 16, now Form 18).  Rule 84 of this Court's Rules of Procedure provides

that: "[t]he forms in the Appendix suffice under [the Federal Rules of Civil Procedure] and

illustrate the simplicity and brevity that these rules contemplate."  Fed. R. Civ. P. 84.

Furthermore, the Advisory Committee Notes to the 1946 amendment of Rule 84 state that "[t]he

amendment serves to emphasize that the forms contained in the Appendix of Forms are sufficient

to withstand attack under the rules under which they are drawn, and that the practitioner using

them may rely on them to that extent." Fed.R.Civ.P. advisory committee note to 1946

Amendment.

It is difficult to reconcile the simplistic approach for asserting a patent infringement claim

contemplated by Rule 84 and Form18 with the pleading standards announced in *Iqbal* and

*Twombly.  See McCauley v. City of Chicago*, 671 F.3d 611, 623-24 (7th Cir. 2011) (Hamilton, J.,

dissenting) (stating *Iqbal* did not purport to overrule Rule 84, but it is difficult to reconcile post-

*Iqbal* plausibility standard with Civil Forms).   Nonetheless, the Federal Circuit has noted "any

changes to the Federal Rules of Civil Procedure 'must be obtained by the process of amending

the Federal Rules, and not by judicial interpretation'" and therefore, "to the extent … that

*Twombly* and its progeny conflict with the Forms and create differing pleadings requirements,

the Forms control". *In re Bill of Lading Transmission And Processing Sys. Patent Litig.,* 681

F.3d 1323 (Fed.Cir. 2012)(quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence &*

*Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160 (1993)); *see also Select Retrieval, LLC v.*

*L.L. Bean, Inc.*, 2012 WL 5381503, Civ. No. 2:12-cv-00003-NT (D.Me. Oct. 31, 2012)(direct

infringement claim must satisfy Form 18 requirements).  Accordingly, I find that a direct infringement claim is sufficiently pled if it satisfies the requirements of Form 18.[3]  The question now becomes whether Select's direct infringement claim comports with Form 18.

All that is required under Form 18's pleading standards is to notify the defendant of the nature of the plaintiff's claims and the grounds upon which they rest.  *McZeal*, 501 F.3d at 1356.  The pleadings need not identify specific products such as model names; but must, at the very least, mimic Form 18 and identify a general category of products.  *XPoint Techs., Inc. v. Microsoft Corp.*, 730 F.Supp. 2d 349, 353 (D.Del. 2010).  The infringement allegations need not contain any more information than that contained  in the sample forms, which are admittedly vague. *Clear With Computers, LLC v. Bergdorf Goodman, Inc.,* No. 6:09CV481, 2010 WL 3155888, at *2 (E.D.Tex. Mar. 29, 2010) (holding that complaints need not be any more specific than "electric motors" used in Form 18 when identifying claim being infringed).  Form 18  does not even "require a plaintiff to plead facts establishing that each element of an asserted claim is met.  Indeed, a plaintiff need not even identify which claims it asserts are being infringed". *In re Bill of Lading*, 681 F.3d at 1335 (internal citation omitted).

In its Complaint, Select alleges: (1) the jurisdictional basis for its claim; (2) that it owns the '617 Patent; (3) Bulbs.com has infringed the '617 Patent by making, using, owning, operating and/or maintaining one or more websites that embody inventions claimed in the "617 Patent; (4) that Bulbs.com has been notified of the alleged infringement (when served with an amended complaint in a case filed in the United States District Court for the District of Delaware in December 2011); and (5) that it is entitled to damages.  Select argues that such allegations satisfy Form18.  Bulbs.com, on the other hand, argues that, Select's allegations do not meet the

---

[3] The Federal Circuit has exclusive jurisdiction over patent appeals, 28 U.S.C. §1295(a)(1) and therefore, this Court will adhere to its rulings on this issue.

minimum requirements set forth in Form 18 because Select asserts only that Bulbs.com's website(s) infringe one or more claims in the '617 Patent by embodying the inventions claimed therein. Bulbs.com argues that such allegations are deficient because they do not specify what parts of the website(s) infringe, or how the website(s) infringe the '617 Patent.

It is true that Select's allegations of direct infringement are barebones and somewhat vague. However, that is all that Form 18 requires. Because I find that Select's allegations for direct infringement are sufficient to meet Form 18's minimal pleading requirements, as to those claims, bulb.com's motion to dismiss is denied.[4] *Accord Select Retrieval v. LL Bean.*, 2012 WL 5381503 at *3 (allegation that defendant infringed patent by making, using owning or operating website suffices to state claim in accordance with Form 18)[5]; *Select Retrieval v. Amerimark Direct LLC*, Civ. Action No. 11-812-RGA, *slip op.,* June 18, 2012; *see also Weyer v. MySpace Inc.*, 2010 WL 8445305 (C.D.Cal. Jun. 17, 2010)(allegation that website domain infringes patent without describing alleged infringing activity satisfies Form 18).

---

[4] Frankly, it is troublesome that given *Iqbal* and *Twombly* plaintiffs continue to rely on such vague allegations when pleading a direct infringement claim. While such allegations *may* satisfy the minimal requirements of Form 18 and therefore, state a claim sufficient to survive a motion to dismiss, *a plaintiff is not compelled to satisfy only the minimal requirements*. Given that federal courts have almost universally held that much more substantial allegations are necessary to state claims for indirect, contributory and willful infringement, *see infra*, it would make sense for plaintiffs to attempt to meet the *Iqbal* and *Twombly* standards when asserting claims for direct infringement. Plaintiffs would suffer no prejudice—their claims are what they are and regardless of the vagueness of their initial allegations, they are required to put their cards on the table early on in the litigation. More to the point, it would eliminate the need for the endless motions to dismiss which are increasing litigation expenses for all parties and wasting judicial resources.

[5] Bulbs.com has cited to *Select Retrieval, LLC v American Apparel, LLC*, No. 11cv2158-LAB (WMC), 2012 U.S. Dist. LEXIS 40208 (S.D.Cal. Mar. 19, 2012), in which the court found that Select Retrieval's complaint did not satisfy even Form 18's minimal requirements. However, like the court in *Select Retrieval v. LL Bean*, I cannot agree with the conclusion reached by the Southern District of California in that case. First, the court found that language asserted in the complaint in that case was confusing and contradictory—largely because Select Retrieval had named "dozens of defendants" and the confusing language was included to capture the conduct of all defendants; the language cited by the court does not appear in the instant Complaint. Second, the court determined that greater specificity was required as to precisely how the alleged websites were infringing the '617 Patent. However, that decision was issued prior to the Federal Circuit's decision in *In re Bill of Lading*. I find that the Federal Circuit does not require the degree of specificity required by the court in *Select Retrieval v. American Apparel*.

*Select's Indirect Infringement Claims Against Bulbs.com*

Select has alleged claims for indirect infringement against Bulbs.com.  An action for indirect infringement can be premised on a claim for active inducement or contributory infringement.  *Sharafabadi v. Univ. of Idaho*, 2009 WL 4432367, at *4 (W.D. Wash. Nov. 27, 2009).  Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer.".  In order to succeed on a claim for inducement, a plaintiff must show that the defendant: (1) had knowledge of the existing patent; (2) knowingly induced the infringing acts; and (3) acted with specific intent to induce.  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed.Cir. 2009).

Under 35 U.S.C. § 271(c), "whoever offers to sell or sells within the United States . . . a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, shall be liable as a contributory infringer."  Contributory infringement requires a plaintiff to show: (1) that there was direct infringement by a third party; (2) the defendant knew that the combination for which the components were made was patented and infringed; and (3) that the defendant's components in the infringed patented process have no substantial non-infringing use. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed.Cir. 2009) (quoting *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)).

Bulbs.com seeks to dismiss Select's claim for infringement by inducement and contributory infringement for failure to state a claim.  Bulbs.com argues that the allegations  in

the Complaint are conclusory and include no factual allegations that would allow the court to

determine that Select's claims against Bulbs.com's under these theories are plausible.  I agree.

Unlike claims for direct infringement, when alleging claims for indirect infringement, a

plaintiff must satisfy the pleading requirements set forth in *Iqbal* and *Twombly*.  *In re Bill of*

*Lading,* 681 F.3d at 1335.  The sum total of Select's allegations in support of its indirect

infringement claims against Bulbs.com are as follows:

> 11.  Upon information and belief . . . Bulbs.com has committed and continues to
> commit acts of contributory infringement of the '617 Patent under 35 U.S.C. §
> 271(c) in that Bulbs.com has made, used, sold, and/or offered to sell, or continues
> to make, use, sell, and/or offer to sell services and products, including its website
> www.bulbs.com, which have no substantial non-infringing uses, and provides
> such services and products to its customers and users of its website(s), whose use
> of such services and products constitutes direct infringement of the '617 Patent.

> 12.  Upon information and belief . . . Bulbs.com has induced and continues to induce
> others to infringe the '617 Patent under 35 U.S.C. § 271(b) by, among others things,
> actively and knowingly aiding and abetting others to infringe, including but not limited to
> customers and users of its website(s), such as www.bulbs.com, whose use of such
> services and products constitutes direct infringement of the '617 Patent.

*Complaint,* ¶¶11,12.

A protracted discussion of this issue is not warranted.  Select's allegations are nothing

more than legal conclusions with little or no factual support.  Simply put, under *Iqbal* and

*Twombley,* Select must do more than recite the statutory elements of an indirect infringement

claim.  Because the allegations fall woefully short of establishing a plausible claim for

contributory infringement or infringement by inducement, as to these claims Bulb.com's motion

to dismiss is allowed. *Accord Select Retrieval v. LL Bean*, 2012 WL 5381503, at *4; *Biax Corp.*

*v. Motorola Solutions, Inc.*, Civ.Act.No. 10-cv-03013-PAB-KLM, 2012 WL 502727, at **2-3

(D. Colo. Feb. 15, 2012); *Weyer*, 2010 WL 8445305, at *4; *Clear With Computers, LLC,*  2010

WL 3155888, at *4.

Bulbs.com further argues that Select's Complaint does not adequately state a claim for indirect infringement because the Complaint relies on the filing of a prior lawsuit to satisfy the knowledge element.  Since Select will be allowed to amend its Complaint with respect to these claims, I will briefly address this issue.  In general, relying on the filing of a suit to show that a defendant had knowledge of the existing patent is not sufficient for pleading an inducement claim.  *See Brandywine Comms. Techs., LLC v. T-Mobile USA, Inc.*, -- F.Supp.2d--, 2012 WL 5266049, at *7 (M.D.Fla. Oct. 24, 2012); *Biax Corp.* 2012 WL 502727, at *3, n. 3; *Aguirre v. Powerchute Sports, LLC*, Civ.Act.No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D.Tex. June 17, 2011). *See also Xpoint Techs.*, 730 F. Supp.2d at 357 (plaintiff must plead defendant knew of patent at time of alleged infringing conduct); *but see Broadcom Corp. v. Qualcomm Inc.*, 2007 WL 2326838, at *3 (C.D. Cal. Aug. 10, 2007) (considering the time before and after suit was filed in calculating the whole duration of infringement).

Select argues that Bulbs.com has the requisite knowledge since at least the date it first filed suit against Bulbs.com in the District of Delaware and it is only pursuing the indirect infringement claims for damages since that first suit was filed. I agree with the cases cited that the filing of a law suit is not enough to support Select's claim for indirect infringement.  If select chooses to amend its Complaint to address the deficiencies in its claims for indirect infringement, it is on notice that to survive a second motion to dismiss, it must allege facts which plausibly establish that Bulbs.com had the requisite knowledge.

*Select's Willful Infringement Claims Against Bulbs.com*

Bulbs.com seeks to dismiss Select's claim for willful infringement on the grounds that the Complaint does not contain any facts which would support a finding that Bulbs.com's alleged infringement has been objectively reckless.  To properly state a claim for willful

infringement, a plaintiff must make "a pleading equivalent to 'with knowledge of the patent and of his infringement.'"  *Milwaukee Elec. Tool Corp. v. Hitachi Koki Co.*, No. 09-C-948, 2011 WL 665439, at *5 (E.D.Wis. Feb. 14, 2011) (quoting *Sentry Prot. Prods., Inc. v Hero Prods., Inc.*, 400 F.3d 910, 918 (Fed. Cir. 2005)).

A willful infringement claim requires, at least, a showing of objective recklessness.  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed.Cir. 2007).  A plaintiff must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.  *Id.*  The willfulness of the infringement depends on an infringer's pre-litigation conduct, and a plaintiff should not be able to accrue enhanced damages based solely on infringer's post-filing conduct.  *Id.* at 1374.  However, many courts have held that *Seagate* is not controlling in the pleading state of litigation, and a plaintiff need only meet the plausibility standards  required by *Iqbal*, and its progeny.  *Milwauke Elec. Tool Corp.*, 2011 WL 665439, at *3.

Regardless of the standard applied, Select's barebone, conclusory allegations fail to state a plausible claim for willful infringement.  Therefore, as to this claim, Bulbs.com motion to dismiss is granted. *Accord  Select Retrieval f. LL Bean*, 2012 WL 5381503, at *4; *Aeritas, LLC v. Alaska Air Corp.*, -- F.Supp.2d—, 2012 WL 4470386, at *4 (Sep. 28, 2012); *Weyer*, 2010 WL 8445305, at *4.

<u>Conclusion</u>

For the foregoing reasons, Bulbs.com's Motion to Dismiss (Docket No. 11) is ***<u>denied</u>*** as to Select's direct infringement claim, and ***<u>granted</u>*** as to Select's infringement by inducement, contributory infringement, and willful infringement claims.  Accordingly, Plaintiff's claims for contributory infringement, inducement of direct infringement and willful infringement are

dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Select may

file an amended complaint on or before December 21, 2012 addressing the deficiencies in these

claims.

**/s/ Timothy S. Hillman**
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE